IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ADAM RHINER HOSKINS, | ) | Case No: 3:24-bk-01323 |
| | ) | Chapter 7 |
| | ) | Judge Mashburn |
| Debtor. | ) | |
| | ) | |
| JOHN C. MCLEMORE, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Ad Pro. No. _____ |
| | ) | |
| CAPITAL ONE AUTO FINANCE, | ) | |
| a division of CAPITAL ONE, N.A. | ) | |
| | ) | |
| Defendants. | ) | |

**CH 7. TRUSTEE'S COMPLAINT TO AVOID PREFERENTIAL TRANSFERS AND TO RECOVER AMOUNT OF SUCH TRANSFERS**

Plaintiff John C. McLemore, chapter 7 trustee herein ("Trustee"), alleges upon knowledge as to himself and his acts, and upon information and belief as to all other matters, as follows as his Complaint against Capital One Auto Finance, a division of Capital One, N.A. ("Capital One" or "Defendant").

**Jurisdiction, Venue, and Parties**

1. This adversary proceeding is brought pursuant to, and under, Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to seek relief in accordance with sections 547(b) and 550 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

2. The Court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 U.S.C. § 1334. This adversary proceeding is a core proceeding as to which the Court may enter final judgment under 28 U.S.C. §§ 157(b)(2)(F) and (O).

3. Venue of this action is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4. John C. McLemore, a resident of Tennessee serving as court-appointed chapter 7 trustee in this matter, is the Plaintiff in this adversary proceeding.

5. Adam Rhiner Hoskins ("Mr. Sawyers" or "Debtor") is a resident of Rutherford County, Tennessee and is the Debtor in this matter.

6. Upon information and belief, Capital One is a division of Capital One, N.A. and is a Delaware corporation, with a principal place of business at 1680 Capital One Drive, McLean, VA 22102-3407. Capital One may be served with process, through its President and CEO, Richard D. Fairbank, via certified mail at the following address: 1680 Capital One Drive, McLean, VA 22102-3407, pursuant to Fed R. Bankr. P. 7004(h).

7. Capital One shall additionally be served through AIS Portfolio Services, LLC, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118 as directed by the *Request for Notice Under Bankruptcy Rule 2002* filed in the Debtor's bankruptcy case (Docket No. 9) by AIS Portfolio Services on behalf of Capital One Auto Finance.

## Procedural Background

8. On April 17, 2024 (the "Petition Date"), the Debtor filed a voluntary Chapter 7 petition in the United States Bankruptcy Court for the Middle District of Tennessee.

9. John C. McLemore was appointed to serve as Chapter 7 trustee in this matter upon the Petition Date.

## Facts

10. During the ninety (90) days preceding the Petition Date, a transfer was made to or for the benefit of the Defendant. A lien on the Debtor's 2023 GMC Sierra (VIN No. 1GTPUCEK4PZ154733)(the "Vehicle") was recorded for the benefit of Defendant (the "Transfer").

11. Upon information and belief, Defendant is a creditor of the Debtor. Debtor lists the obligation with GM Financial, however, the lien recorded on the Vehicle is in favor of Capital One.

12. On or about December 28, 2022, the Debtor entered into a lease agreement for the Vehicle. CTCNA COLL Agent was listed as the First Lienholder upon the entry of the lease agreement.

13. On or around December 15, 2023, the Debtor entered into a purchase agreement with Shortline Buick GMC in Aurora, CO to purchase the Vehicle. Upon information and belief, this was a purchase option following the lease agreement. Debtor executed a Retail Installment Sale Contract (the "Sale Contract") with Shortline Automotive, Inc. ("Shortline") on 12/15/2023 for a financed amount of $54,902.61.

14. The Sale Contract included an assignment provision assigning the Shortline's interest in the Sale Contract to Capital One. The assignment provision was signed by a representative of Shortline on December 15, 2023.

15. The lien holder interest of CTCNA COLL was released on January 4, 2024.

16. While Capital One's interest in the Sale Contract and Vehicle commenced on the sale date of December 15, 2023 (the "Assignment Date"), Capital One's lienholder interest was not noted on the Vehicle's title until March 27, 2024, as noted in the attached Official Vehicle Registration through the Tennessee Department of Motor Vehicles. The Official Vehicle Registration is attached as **"Exhibit A"**. Capital One did not file a temporary lien with the Tennessee Department of Motor Vehicles.

17. As noted above, the Debtor filed his bankruptcy petition on April 17, 2024.

18. Capital One recorded its lien with the State of Tennessee more than 30 days after the Assignment Date and within 90 days of the Petition Date.

**CLAIM: PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547**

19. The Trustee incorporates herein each of the allegations contained in Paragraphs 1 through 17 of the Complaint.

20. The Transfer was a transfer of interest of property of the Debtor.

21. The Transfer was a transfer to or for the benefit of Defendant.

22. The Transfer was a transfer for or on account of antecedent debt owed by the Debtor before such transfer was made.

23. The Transfer was made while the Debtor was insolvent or was presumed to be insolvent.

24. The transfer was made within 90 days of the Petition Date.

25. The Transfer occurred on the date of Capital One's recording of the lien (March 27, 2024), pursuant to 11 U.S.C. § 547(e)(2)(B).

26. The Transfer enabled the Defendant to receive more than the Defendant would have received if (i) this case were a case under chapter 7 of the Bankruptcy Code,

(ii) the Transfer had not been made, and (iii) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

27. The Transfer is an avoidable preferential transfer pursuant to section 547(b) of the Bankruptcy Code.

28. The Trustee may set aside the recording of Capital One's lien on the 2023 GMC Sierra as an avoidable preferential transfer pursuant to an order of this Court and section 550 of the Bankruptcy Code.

29. Furthermore, pursuant to Section 550 of the Bankruptcy Code, the Trustee may seek a judgment against Capital One for the turnover of the Vehicle or the value of the Vehicle.

WHEREFORE, the Trustee respectfully requests that this Court enter an order:

A. Granting the Trustee a judgment avoiding the Transfer to Capital One pursuant to section 547(b) of the Bankruptcy Code, and

B. Granting the Trustee a judgment against Capital One pursuant to section 550 of the Bankruptcy Code setting aside Capital One's recorded lien on the 2023 GMC Sierra; and

C. Granting the Trustee a judgment for possession of the Vehicle or, in the alternative, the value of the Vehicle, and

D. Granting such other and further relief, at law or in equity, as is appropriate under the circumstances.

Dated: June 18, 2024.

Respectfully Submitted,

/s/ Justin T. Campbell
Justin T. Campbell (TN Bar No. 31056)
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, TN 37203
Tel:     615.465.6000
Fax:    615.807.3048
justin@thompsonburton.com

*Counsel for Ch. 7 Trustee*